IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARLENE J. HARRIS-HOLLAND, ) | Civil Action No. 3:10-174-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the undersigned pursuant to Local Civil Rules 83.VII.02, et seq., DSC, concerning the disposition of Social Security cases in this District. Plaintiff brought this action on January 22, 2010, pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") as to her claim for disability benefits. On August 10, 2010, the Commissioner filed a motion to dismiss. Plaintiff filed a reply on August 27, 2010.

**DISCUSSION**

The Commissioner contends that Plaintiff's complaint should be dismissed because it was filed more than sixty days after receipt of the "Final Decision" of the Commissioner and is, therefore, untimely. Additionally, the Commissioner asserts that there are no reasons why the deadline for filing this action in Federal Court should be equitably tolled. Plaintiff argues that the motion to dismiss should be denied because this action was filed only six days after the deadline, the delay does not prejudice the Social Security Administration ("SSA"), and the delay was allowable under 20

C.F.R. §§ 404.982 and 404.911. She also contends that the Notice of Appeals Council Action is dated November 10, 2009, but the envelope indicates it was not postmarked until November 12, 2009. Plaintiff's counsel states that the delay involved her difficulty contacting the claimant and ascertaining the appropriateness of filing an appeal versus initiating another claim for Social Security disability. Additionally, Plaintiff's counsel argues that instituting another claim would be a waste of the SSA's time.

On December 23, 2008, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits under Title II of the Social Security Act ("Act"). See Defendant's Ex. 1.[1] The Commissioner provides that on November 10, 2009, the Appeals Council notified Plaintiff that it was denying her request for review, and that she had sixty days to commence a civil action in the United States District Court. See Defendant's Ex. 2. The ALJ's decision became the "final" decision of the Commissioner when the Appeals Council denied review. See 20 C.F.R. § 404.981. There is no indication that Plaintiff made any request for an extension of time to file a civil suit. See Marion Jones Declaration, Para. 3(b).

The Act provides that civil actions seeking judicial review of a final decision of the Commissioner must be commenced[2] within sixty days after the mailing of a notice of the decision. See 42 U.S.C. § 405(g), 20 C.F.R. 404.981. This statute of limitations has been modified by the regulations so that it begins to run only upon receipt of the notice rather than upon its mailing. See

---

[1]References to exhibits to the Declaration of Marion Jones, Chief of Court Case Preparation and Review Branch II of the Office of Appellate Operations, Office of Disability Adjudication and Review, SSA (attachment to Defendant's motion to dismiss) are referred to as "Defendant's Ex. __" in this report and recommendation.

[2]An action is "commenced" when a complaint is filed with the court. See Fed. R. Civ. P. 3.

20 C.F.R. § 422.210(c). The regulations provide, however, that receipt is presumed to be five days after mailing, unless there is a "reasonable showing to the contrary." Id. If the plaintiff rebuts the five-day presumption, the Commissioner has the burden of showing that the plaintiff received actual notice within the time provided in the regulations. See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir.1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir.1984).

Here, Plaintiff failed to file her complaint within sixty days after the presumptive date of receipt (five days after November 10, 2009). In her memorandum in opposition to the motion to dismiss, Plaintiff asserts that the notice was not mailed until November 12, 2009. She has not, however, asserted that she actually received the notice later than the presumptive date of receipt. If the court were to assume that November 12, 2009 is the date of the notice and that November 17, 2009 is the presumptive date of receipt, the deadline to file the complaint would be January 19, 2010.³ Plaintiff did not file this action until January 22, 2010. See Complaint (Doc. 1). Thus, even if this later presumptive date is used, Plaintiff failed to timely file her complaint.

The sixty-day requirement is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 481 (1986); Hyatt v. Heckler, 807 F.2d 376, 380 (4th Cir.1986). However, equitable tolling must be justified by exceptional circumstances. Hyatt, 807 F.2d at 378. In Hyatt, the Fourth Circuit found that the equities warranted such tolling where the Secretary of Health and Human Services' secretive and systematic policy of not acquiescing with the law of the relevant circuit resulted in the denial of benefits for a class of claimants. Id. at 380-81. The Fourth Circuit also made clear, however, that tolling of the period of limitation "will rarely be appropriate."

---

³The sixty-day period would end on January 16, 2010, a Saturday. Monday, January 18, 2010 was a federal holiday. Thus, the deadline for filing would be January 19, 2010. See Fed. R. Civ. P. 6.

Id. at 378. Although the court may equitably toll the limitations under exceptional circumstances, "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Here, Plaintiff has not shown government misconduct. She appears to argue that the deadline should be extended because this action was only filed a few days after the deadline and because Plaintiff's counsel had difficulty contacting the claimant to ascertain the appropriateness of filing an appeal versus initiating another claim and to obtain the filing fee. Plaintiff fails to show that these are exceptional circumstances which would justify equitable tolling by the district court.

Plaintiff asserts that her delay in filing "was allowable under 20 CFR sections 404.982 and 404.911." Plaintiff's Opp., Para. 1. Section 404.982, however, applies to the Appeals Council, not the district court. Specifically, this section provides:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. **The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices**. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 404.911.

20 C.F.R. § 404.982 (emphasis added). Section 404.911 defines good cause for missing a deadline.[4]

---

[4]This regulation provides:
(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider--
    (1) What circumstances kept you from making the request on time;
    (2) Whether our action misled you;
    (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
    (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which

(continued...)

4

The Commissioner, not the district court, applies § 422.210(c) to determine whether a claimant had "good cause" for missing the filing deadline.[5] See Bowen v. City of New York, 476 U.S. at 480 & n. 12 (noting that "Congress has authorized the [Commissioner] to toll the 60-day limit" and citing 20 C.F.R. § 404.911); Williams v. Astrue, 2010 WL 2132278 (D.S.C. May 24, 2010).

---

[4](...continued)
> prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
> (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
> (2) There was a death or serious illness in your immediate family.
> (3) Important records were destroyed or damaged by fire or other accidental cause.
> (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
> (5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.
> (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
> (7) You did not receive notice of the determination or decision.
> (8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
> (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

[5]There is no evidence in the record indicating that Plaintiff ever petitioned the Commissioner for an extension of the sixty-day limitations period. Thus, even if her circumstances fit the definition of "good cause" as defined in § 404.911, the Appeals Council - the only body authorized to toll the filing deadline under this regulation - has not had an opportunity to apply the standards set forth therein to Plaintiff's situation.

**CONCLUSION**

Plaintiff failed to timely file this action and there are no circumstances that justify equitable tolling. It is, therefore,

RECOMMENDED that the Commissioner's motion to dismiss (Doc. 6) be **granted**.

                                              Joseph R. McCrorey
                                              United States Magistrate Judge

October 20, 2010
Columbia, South Carolina